IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-16-323** |
| **ANDRE MOSES JR.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Andre Moses was sentenced to a period of 135 months' imprisonment for committing a robbery in which he used a handgun. (ECF Nos. 26, 28.) Moses is currently incarcerated at USP Leavenworth. He has now filed a Motion for Compassionate Release (ECF No. 39) in light of the COVID-19 Pandemic. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED without prejudice.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Moses filed a request with the warden of his

1

institution on June 30, 2020. (*See* ECF No. 41-1.) Therefore, the Court must determine: (1) whether "extraordinary and compelling reasons" exist which would warrant a reduction in Moses' sentence; and if so, (2) whether a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-

2

19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Moses has failed to establish extraordinary and compelling reasons for compassionate release. Moses, who is 38 years old, states that he is at heightened risk of suffering from severe illness should he contract COVID-19 "due to illnesses that [he] suffer[s] in reference to immune deficiencies and prolonged use of corticosteroids and other immune weakening medications due to [his] illness of Crohn's Disease." (ECF No. 39-1 at 2.) However, Moses has failed to provide medical records documenting the existence or severity of any medical conditions or immunodeficiencies. Absent such records, the Court is in no position to determine whether preexisting conditions "compellingly elevat[e] [Moses'] risk of becoming seriously ill, or dying, from COVID-19." *Lewin*, 2020 WL 3469516, at *3.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Moses' legitimate concerns about his living situation. Further, the Court notes that BOP data indicate USP Leavenworth has suffered a serious COVID-19 outbreak, and that the Court's denial of Moses' motion in no way limits BOP's own discretionary authority to take measures to protect the health of inmates entrusted to its custody. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Nov. 17, 2020) (indicating that 531 USP Leavenworth inmates have recovered from COVID-19 and 7 are currently positive for the virus). However, Moses' motion provides no basis upon which the Court can differentiate his situation

3

from that of the hundreds of other inmates at USP Leavenworth or find "extraordinary and compelling reasons" for his release. Accordingly, Moses' Motion for Compassionate Release (ECF No. 39) is DENIED without prejudice to his ability to file an updated motion attaching medical records and any additional relevant documentation.

DATED this 17th day of November, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge