IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0323 |
| ANDRE MOSES, JR., | * | UNDER SEAL |
| Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM AND ORDER

On March 23, 2021, this Court denied Defendant Andre Moses, Jr.'s Amended Motion for Compassionate Release (ECF No. 45), after denying his first Motion for Compassionate Release (ECF No. 39) on November 17, 2020. (*See* ECF Nos. 42, 50.) Moses has now filed a *pro se* Motion to Reconsider this Court's denial of his Amended Motion for Compassionate Release. (ECF No. 54.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Moses's Motion to Reconsider will be DENIED.

As this Court has previously explained in detail (*see* ECF No. 50), motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

In its recent decision denying compassionate release, this Court found that Moses failed to establish an extraordinary and compelling reason for his compassionate release and that consideration of the § 3553(a) factors did not weigh in favor of Moses's early release. (*See* ECF

1

No. 50.) In the present Motion to Reconsider, Moses does not present facts that give the Court cause to alter these prior findings.

Even assuming *arguendo* that Moses's Crohn's disease—and his accompanying immunosuppressive medication—qualifies as an extraordinary and compelling reason justifying compassionate release, Moses does not present any new facts that would alter the Court's thorough application of the § 3553(a) factors to Moses's case. (*See* ECF No. 50 at 4–5.) As this Court previously explained, Moses was convicted of committing an armed robbery, a serious offense that poses a clear danger to the community. This violent offense was only the latest in a series of violent crimes, including assault and discharging a firearm, that Moses committed. (*See* ECF No. 50 at 5 (citing ECF No. 48-4 at 7–13).) Further, Moses has served less than half of his 135-month sentence. Although the Court is heartened to hear that upon release, Moses intends to "make this court proud" and help "at-risk youth in his community," those assertions do not alter the Court's finding that consideration of the § 3553(a) factors weighs against Moses's release. Moses's release at this time would not sufficiently promote respect for the law, deter crime, or protect the public.

Alternatively, Moses asks the Court to transfer him to a halfway house for a year, and subsequently to home confinement for the remainder of his sentence. (*See* ECF No. 54 at 2.) Without assessing the appropriateness of this measure, the Court notes that it is inherently within the authority of the Bureau of Prisons ("BOP") to transfer an inmate to home confinement under 18 U.S.C. § 3624(c). That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3624(c). Although § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act states that during the present COVID-19 emergency, "the Director of the [BOP] may lengthen the maximum amount of time for which the

2

Director is authorized to place a prisoner in home confinement" pursuant to § 3624(c)(2), this authority is given to the BOP, and not to the courts.

This Court again acknowledges Moses's legitimate concerns about the risk that COVID-19 may pose to his health. Moses's Motion to Reconsider, however, does not present new facts or legal arguments that alter the Court's decision to deny his Amended Motion for Compassionate Release (ECF No. 45). Moses's Motion to Reconsider this Court's March 23, 2021 decision (ECF No. 54) is accordingly DENIED.

DATED this 9 day of April, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge